Filed 7/2/14  P. v. Ramirez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL RAMIREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B244152<br>(Super. Ct. Nos. VA117203, VA125846)<br>(Los Angeles County) |

Miguel Angel Ramirez appeals the judgment following his convictions for forcible lewd act upon a child (Pen. Code, § 288, subd. (b)(1))[1] (counts 1 and 2),[2] attempted forcible rape (§§ 664, 261, subd. (a)(2)) (count 6), forcible rape (§ 261, subd. (a)(2)) (count 20), lewd act upon a child (§ 288, subd. (a)) (counts 21, 22, and 23), aggravated sexual assault of a child by sexual penetration (§§ 269, subd. (a)(5), 289, subd. (a)) (count 24), aggravated sexual assault of a child by rape (§§ 269, subd. (a)(1), 261, subds. (a)(2), (a)(6)) (count 25), sexual penetration by a foreign object (§ 289, subd. (a)(1)) (count 26), and sodomy by use of force (§ 286, subd. (c)(2)) (count 27).  He contends that the evidence is insufficient to support his conviction for attempted forcible

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Count numbers correspond to the fourth amended information.  The jury was instructed on and given verdict forms referencing an 11-count information that does not exist in the record.  Appellant concedes that its absence presents no notice issues.

rape of a minor. He also claims that the trial court erred by sentencing him to more than one life term per victim for offenses that occurred on a single occasion and in imposing a criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)) in excess of that authorized by statute. In addition, appellant asserts that the counts on which he was not convicted must be dismissed, and the minute orders incorrectly stating that they were dismissed must be corrected. Lastly, appellant seeks correction of a count numbering discrepancy in the clerk's minutes. We will correct the indeterminate sentencing error, reduce the conviction assessment, and direct the clerk to correct the clerical errors in the minute orders and abstract of judgment. Otherwise, we affirm.

## FACTS

Appellant and his wife have four children: a son, and three daughters—B., A., and P. On various occasions, appellant committed sexual offenses against each of his three daughters.

### *Minor B.*

### *Counts 1 and 2*

When B. was 10 years old, appellant entered the room where she and her sisters slept and asked if anyone could give him a massage. After B. volunteered, appellant brought her into his room and closed the door. B. climbed onto his back and massaged him. Appellant then turned her over, pinned down her wrists, pulled down her pants, and put his penis in her vagina. Although it felt painful and B. wanted to scream, she did not fight off appellant or say anything to him because she was scared and appellant was bigger than her. Appellant also forced B.'s head down and inserted his penis into her mouth. When he stopped, B. opened the door and ran out.

### *Count 20*

When she was 14 years old, B. was making ramen noodles when appellant came into the room. He pinned her down so that her stomach was against the back of the couch and she was bent over the top. Standing behind her, appellant put his penis into B.'s vagina through a hole in the basketball shorts that she was wearing. She attempted to

2

fight him off but could not. After appellant got off of her, she ran into her room and cried.

## Count 6

One day when B. was 15 years old, she came home from school. Because it was a hot day and her parents' bedroom was the only room with air conditioning, she went there, lay down on the bed, and watched television. Eventually, she fell asleep. When she awoke, appellant was in the bed lying next to her. He pulled her pants down and touched her vagina. At first B. did not move because she was too scared. Appellant pulled B. closer to him and tried to put his penis in her vagina. When his penis touched the area between her anus and vagina, B. jumped up and ran out of the room. Later, she told her brother and her mother what had happened. They took her to the hospital where she spoke with the police.

## Minor A.

## Count 21

When A. was 10 years old, she and appellant were upstairs in her parents' room while the rest of the family were downstairs. Appellant placed his hand on her clothing over her vagina and rubbed it. A. did not say anything or physically resist because she was scared of him.

## Counts 22, 23

Sometime before A. turned 14, appellant pulled her out of school one afternoon. He told her that they were going to take their dog to the veterinarian but instead took her home to his room. He told her to take off her pants, which she did, and then he removed her underwear. A. was afraid because appellant was bigger than her. Appellant touched her vagina with his hand and then placed his penis inside it. Someone knocked on the door and he stopped.

## Minor P.

## Count 24

P. was five years old when appellant woke her up one night and took her to the living room. He put his fingers in her vagina. P. was scared and did not understand

3

why appellant was doing this. After appellant finished, he told her that "that's what grownups do" and put her back in bed.

*Count 25*

When P. was about 10, she went to sleep wearing a shirt and basketball shorts. She awoke to find the shorts pulled down to her knees and appellant lying on top of her with his penis inside of her. She tried to push him off but he kept going. A horn honked, and P.'s mother yelled for appellant. Appellant then got up and left.

*Count 26*

Another time, when P. was about 14, she woke up to find appellant at the side of her bed with his hand inside her vagina. She tried to push his hand out with both of hers, but he kept going. The incident ended when P.'s mother screamed from another room that the dog had pooped there. Appellant responded that he was looking for the dog and then left.

*Count 27*

One day shortly after the family moved to Whittier, when P. was 15 years old, she was lying in her room. Appellant entered and closed the door. He turned P. over onto her stomach and lowered her pants. P. repeatedly told him "no," that she did not want to do these things, but appellant put his penis in her anus. It was very painful.

PROCEDURAL HISTORY

Appellant was charged in case number VA117203 with 21 counts of sexual offenses against A., B., and Y.M., a woman with whom he had had a sexual relationship that allegedly began while she was a minor.[3] There was an allegation as to these counts that multiple victims were involved (§ 667.61, subd. (b)).[4] At trial, the court dismissed

---

[3] The original information, which contained 16 counts (including one count of attempting to dissuade a witness, appellant's wife, from attending and giving testimony at trial) (§ 136.1, subd. (a)(2)), omitted a count 9. The amended informations, which added sexual offense counts, continued to omit a count 9. The trial court described the fourth amended information as "the sloppiest information I've ever seen in 20 some odd years on the bench."

[4] The third and fourth amended informations omitted the multiple victims allegation in the counts involving Y.M. On the prosecution's motion, the trial court

the counts involving Y.M. (10 through 15) on statute of limitations grounds. The court declared a mistrial when the jury was unable to reach a verdict on all but one of the remaining counts. Appellant was acquitted of count 19, one of two counts charging him with forcible rape against B. (§ 261, subd. (a)(2)).

The prosecution elected to retry appellant. In a separate case (VA125846), appellant was charged with the four counts involving P. The court later consolidated the two cases. At the second trial, appellant was tried on 11 of the counts (1, 2, 6, and 20 through 27) involving sexual offenses against B., A., and P. The jury convicted him on all 11 counts and found true the allegations that multiple victims were involved on counts 1, 2, 6, 20 through 23, 26, and 27.

Appellant was sentenced to an aggregate term of 139 years to life. On count 6 for attempted forcible rape, the court imposed a high-term determinate sentence of four years. On the remaining 10 counts, the court imposed indeterminate terms of 15 years to life. The court ordered each of the indeterminate terms to run consecutively to the determinate term except for count 23, which the court ordered to run concurrently with count 22 because it involved the same course of conduct. The court imposed a $440 court operations assessment (§ 1465.8), a $440 criminal conviction assessment (Gov. Code, § 70373), $19,791 in restitution (§ 1202.4, subd. (f)),[5] a $240 restitution fine (§ 1202.4, subd. (b)), and a suspended $240 parole revocation restitution fine (§ 1202.45).[6] Appellant was awarded 812 days of presentence custody credit.

struck the multiple victims allegation from count 6 for attempted forcible rape because section 667.61 does not apply to attempted crimes.

[5] At sentencing, the court—apparently looking at a proposed restitution order prepared by the prosecution—stated only that "I have no problems in awarding restitution for—all except for [Y.M.]. I'm going to delete/strike the $486 mental health statutory fee for that." The prosecution indicated that it would supply the court with an amended restitution order reflecting this modification and the court indicated that it would sign the amended order. Although the court's minute order reflects that appellant was ordered to pay $19,791 in restitution to the victim compensation board, the record does not contain a copy of the restitution order. Appellant does not dispute the amount of restitution imposed.

[6] The reporter's transcript indicates that the court orally imposed a $200 restitution fine and a $200 parole revocation restitution fine. These amounts were unlawful, as the

DISCUSSION

*Sufficiency of the Evidence of Attempted Forcible Rape (Count 6)*

Appellant challenges the sufficiency of the evidence supporting his conviction for attempted forcible rape. He argues that his conduct evinced at most an intent to have intercourse with B. and that nothing in the record suggests he intended to use force to achieve this goal.

In reviewing claims of insufficient evidence, we examine the entire record in the light most favorable to the judgment to determine whether there is substantial evidence—evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maciel* (2013) 57 Cal.4th 482, 514-515.) We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) We accept the logical inferences that the jury might have drawn from the evidence even if we would have concluded otherwise. (*People v. Streeter* (2012) 54 Cal.4th 205, 241.) If the trier of fact's findings are reasonably justified by the circumstances, the opinion of the reviewing court that a contrary finding might also reasonably be reconciled with the circumstances does not warrant reversing the judgment. (*People v. Jones* (2013) 57 Cal.4th 899, 961.)

Forcible rape is "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator" (§ 261, subd. (a)), where the act "is accomplished against [the] person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another" (*id.* subd. (a)(2)). "An attempt to commit a crime consists of . . . a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.) Although the act must go beyond mere preparation and demonstrate that the perpetrator is putting his plan into

statutory minimum for both fines increased to $240 on January 1, 2012. (§ 1202.4, subd. (b)(1).) The court's minute order reflects the correct amount. Appellant has not raised any issues arising from the discrepancy.

action, it need not be the last proximate or final step toward commission of the substantive crime. (*People v. Kipp* (1998) 18 Cal.4th 349, 376.)

B. awoke to find appellant lying in bed next to her, pulling down her pants, touching her vagina, and then pulling her closer so that his penis came into contact with her body near her sexual organs. We have previously found similar evidence sufficient to prove intent to commit forcible rape. (See *People v. Leal* (2009) 180 Cal.App.4th 782, 790-791.) In this case, the evidence of intent is even more compelling given that appellant had forcibly raped B. one year earlier. We therefore reject appellant's contention that there was insufficient evidence of his conviction on count 6 for attempted forcible rape.

*Resentencing Pursuant to Former Section 667.61, Subdivision (g)*

Appellant contends that the trial court erroneously sentenced him pursuant to the current rather than the former version of the alternative sentencing scheme set forth in section 667.61. Pursuant to subdivisions (b) and (e), the punishment for certain sex crimes specified in subdivision (c), when committed against more than one victim, is consecutive indeterminate terms of 15 years to life.[7] Prior to September 20, 2006, subdivision (g) limited the imposition of the alternative sentences prescribed by section (b) to "once for any offense or offenses committed against a single victim during a single occasion." This limitation was removed in subsequent versions of the statute.

Appellant argues that the limitation applies to him insofar as counts 1 and 2 for forcible lewd act upon a child both involved the same victim (B.) and occasion, as did counts 22 and 23 for aggravated sexual assault of a child (A.). He requests a remand for resentencing under a determinate term for either count 1 or 2 and either count 22 or 23. Respondent concedes the sentencing error but requests that, instead of remanding, this court resentence appellant to the maximum determinate terms, in line with what respondent maintains was the trial court's express intent.

---

[7] At the time appellant committed the offenses at issue, the multiple victims circumstance was set forth in subdivision (e)(5) of section 667.61. Currently, it is codified in subdivision (e)(4).

Normally, when presented with sentencing error, we will remand for resentencing unless we can be certain that such an exercise would be futile—for instance, if there is no scope for discretion (see, e.g., *People v. Lawley* (2002) 27 Cal.4th 102, 171-172), or if the trial court made its sentencing intentions perfectly clear (see, e.g., *People v. Coelho* (2001) 89 Cal.App.4th 861, 889-890; *People v. Gutierrez* (1996) 46 Cal.App.4th 804, 816-817).  Here, the latter is true.

The sentencing judge, who had more than 20 years of experience on the bench, described appellant "as one of the worst offenders I've ever seen in my life."  He stated that he would "willingly" impose "the maximum amount of time that I can."  Then, "for the record," he explained that "it's the court's intent to impose the maximum amount of time consecutive that I possibly can just so on appeal, if these numbers—if these counts get mixed up, the Court of Appeal understands my intent."  After announcing the sentence, the court told appellant, "I hope you'll never be placed on parole."  From the court's comments, it is all but certain that the court would exercise its discretion to impose the maximum possible sentence.

Accordingly, we will modify appellant's unauthorized sentence as follows: count 2 will be the upper term of 10 years (§ 288, subd. (b)(1)), run consecutively, as the principal determinate term; count 6 will be one third of the middle term of three years (§§ 264, subd. (a), 664), or one year, run consecutively, as a subordinate determinate term; and count 23 will be the middle term of six years (§ 288, subd. (a)), run concurrently.  Thus, appellant will serve a determinate sentence of 11 years and an indeterminate sentence of 120 years to life.

*Dismissal of Counts on Which Appellant Was Not Convicted*

The trial court issued minute orders reflecting that on August 28, 2012, the day the jury returned guilty verdicts in the second trial, the remaining counts in the fourth amended information, i.e., counts 3, 4, 5, 7, 8, and 10 through 19, were dismissed in furtherance of justice (§ 1385).  Appellant points out that there is no evidence in the reporter's transcript that the dismissals of these counts actually occurred.  He requests that

we order the clerk to amend the minute orders to delete these entries and dismiss the counts ourselves. We decline to do so.

Appellant contends that any discrepancy between the oral pronouncement of judgment and the minute orders must be resolved in favor of the oral pronouncement. That is no longer the case. "[T]he modern rule is that if the clerk's and reporter's transcript cannot be reconciled, the part of the record that will prevail is the one that should be given greater credence in the circumstances of the case." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346, citing *People v. Smith* (1983) 33 Cal.3d 596, 599.)

In any event, there is no discrepancy here. The reporter's transcript is merely silent on an event recorded in the clerk's minutes. Because the trial court's judgment is presumed correct, "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent and error must be affirmatively shown." (*People v. Malabag* (1997) 51 Cal.App.4th 1419, 1422.) By merely pointing to a gap in the reporter's transcript, appellant fails to meet his burden of showing that the remaining counts against him were not dismissed. (See *id.* at p. 1423.) We conclude that the clerk's minute orders were accurate in this regard.

*Criminal Conviction Assessment*

It is undisputed that the trial court erred by imposing a criminal conviction assessment of $40 rather than $30 per count. Therefore, we will reduce the assessment from $440 to $330.

*Clerical Errors*

Lastly, appellant seeks a correction to the clerk's minutes with respect to count numbering. The minute orders reporting the jury's verdicts purport to quote directly from the language of the 11-count verdict forms but actually refer to the count numbers in the 26-count fourth amended information. In addition, we independently observe that there is a clerical error in the abstract of judgment concerning count 25 for aggravated sexual assault of a child by rape. That charge was brought pursuant to

9

subdivision (a)(1) of section 269, not subdivision (a)(5) as appears in the abstract of judgment. We will direct the clerk to correct both of these errors.

DISPOSITION

Appellant's sentence is modified as follows: on count 2 he is sentenced to a 10-year determinate term; on count 6 he is sentenced to a one-year determinate term, run consecutively to count 2; and on count 23 he is sentenced to a 6-year determinate term, run concurrently. The criminal conviction assessment is reduced to $330. The clerk shall issue an amended abstract of judgment consistent with these modifications and correcting count 25 to reflect a conviction under subdivision (a)(1) of section 269. The clerk shall also correct the August 28, 2012, minute orders to correspond to the count numbering used on the jury verdict forms. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Philip H. Hickok, Judge

Superior Court County of Los Angeles

––––––––––––––––––––

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, David Zarmi, Deputy Attorney General, for Plaintiff and Respondent.